UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------x
                                             :
UNITED STATES OF AMERICA,                    :
                                             :
                         Plaintiff,          :     10 Cr. 508 (TPG)
                                             :
              – against –                    :     OPINION
                                             :
RAISA BELGORODSKAYA,                         :
                                             :
                         Defendant.          :
                                             :
---------------------------------------------x
```

Petitioner Raisa Belgorodskaya ("Belgorodskaya" or "Petitioner") brings this petition for a writ of habeas corpus under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.  Belgorodskaya was sentenced principally to six months' imprisonment for her participation in a long-running scheme that defrauded the Conference on Jewish Material Claims Against Germany, Inc. (the "Claims Conference") out of $57 million dollars.   She now raises an ineffective assistance of counsel claim, contending that her attorney failed to fully investigate her mental and physical health.

For the reasons set forth below, her petition is denied.

## Background

The Claims Conference is a not-for-profit organization that administers funds made available by the German government for Jewish victims of Nazi persecution.  The Claims Conference acts as an agent of

the German government, screening applicants for eligibility and processing reparations in the form of one-time and monthly payments.

Germany has set forth specific criteria for determining whether individuals are eligible to receive reparations. However, from approximately 1994 to 2010, individuals—many of whom were employed by the Claims Conference—submitted and approved fraudulent applications in order to make a profit. These individuals altered personal identification documents, invented stories of persecution during World War II, and submitted fraudulent applications often unbeknownst to the individuals whose names were on the applications. This scheme cost the Claims Conference and the German government $57 million.

Petitioner benefited from the scheme in multiple ways. From approximately 2006 to 2010, Belgorodskaya collected identification documents, such as passports and birth certificates, and gave them to Polina Berenson, a Claims Conference caseworker. Berenson then altered the documents and created false applications based on those documents. She changed any personal details that made the applicant ineligible for payment. When the Claims Conference issued reparations checks to applicants, Belgoroskaya demanded $300 for her help in preparing the fraudulent applications.

Belgorodskaya also submitted a fraudulent application in her own name, receiving over $41,000 to which she was not entitled. In her application, she created a fictitious history in which she was forced to

live in a Ukrainian ghetto for three years.  However, unlike millions of
Holocaust victims, Belgorodskaya never actually lived in a ghetto.
Petitioner also arranged for her children—who were not eligible to receive
any compensation—to receive compensation twice.

Then, on January 12, 2010, after the Federal Bureau of
Investigation ("FBI") uncovered the scheme, Belgorodskaya made two
threatening phone calls to the Claims Conference employee responsible
for its investigation of the fraud.  The FBI recorded two voicemails in
which Belgorodskaya said, "Stop your dirty, nefarious actions.  Because
it's fraught with consequences, it will leave its mark on your life and the
life of your daughter."   At the time, the Claims Conference employee had
a young daughter.

Belgorodskaya pleaded guilty to mail fraud, conspiracy to commit
mail fraud, and witness tampering.  The court sentenced petitioner on
January 27, 2014.  The applicable Sentencing Guidelines range was 18
to 24 months' imprisonment.  (See Presentence Report ("PSR") at 14).
Probation recommended a sentence of 6 months in prison, in light of the
information set forth in the Government's § 5K1.1 letter.   Probation
based its recommendation its finding that "the defendant never really
took her criminal conduct serious[ly]...and [believes] that she shouldn't
be severely punished for her action." (PSR at 15).  The court imposed a
below-Guidelines sentence of six months' imprisonment followed by two
years supervised release.

Belgorodskaya now petitions the court to vacate her sentence, pursuant to 28 U.S.C. § 2255, for ineffective assistance of counsel. Specifically, Belgorodskaya argues that counsel was ineffective because he did not contact enough of her treating physicians to be able to adequately represent her mental and physical health to the court. She also contends that counsel failed to correct the PSR's inaccurate description of her educational background.  (Pet. at 3).

## Discussion

Title 28 U.S.C. § 2255 states that a court shall vacate, set aside, or correct a sentence if the court finds that there has been "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."   The Supreme Court has established a two-part test for evaluating § 2255 based on claims of ineffective assistance of counsel.  A petition under § 2255 on the basis of ineffective assistance will be granted only if a petitioner is able to show: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

Belgorodskaya is unable to satisfy either prong, and therefore her ineffective assistance claim fails.  Counsel's assistance was not deficient, and even assuming it was deficient, Belgorodskaya is unable to show that she suffered prejudice under Strickland.

### A. Counsel's assistance was not deficient

Petitioner argues that counsel's assistance was deficient because he failed to investigate certain facts related to her mental and physical well-being and consequently did not present her relevant health conditions to the court.  (Pet. at 16).

To constitute deficient performance, counsel must have "made errors so serious that counsel was not functioning as the counsel."  Id. at 687 (quotations omitted).  In other words, the petitioner must show that counsel's representation fell "below an objective standard of reasonableness" under "prevailing professional norms."  Id. at 688.

Judicial scrutiny of counsel's performance is highly deferential.  Id. at 689; see also Guzman v. United States, No. 11 Civ. 2433, 2011 WL 6097128 at *5 (S.D.N.Y. Dec. 7, 2011).  "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."  Strickland, 466 U.S. at 681.

Here, counsel's performance was not deficient.   Contrary to Belgorodskaya's allegations, counsel did adequately describe her current state of health.  In his sentencing memorandum, counsel informed the court that petitioner was 77 years old, suffered from diabetes and arthritis, underwent gall bladder surgery, and recently had a heart attack.  (Def. Sent. Mem. at 1-2).  Counsel attached to his memorandum

medical records from two of Belgorodskaya's treating physicians. (Def. Sent. Mem. Ex. A-B).  Moreover, this information was summarized in the PSR, and, at sentencing, counsel repeated the key facts about her mental and physical health.  (See Sent. Tr. at 4-7).

Counsel need not have contacted every physician who has treated Belgorodskaya in order to provide effective assistance.  It was not unreasonable for counsel to decide that the medical analysis he obtained was sufficient for the court to make an informed sentencing decision. The court will not second-guess his strategic choice to focus the defense on factors other than her health.

Furthermore, Belgorodskaya's assertion that counsel failed to adequately represent her educational background is without merit. Belgorodskaya asserts that counsel did not address the PSR's statement that Belgorodskaya "obtained a college degree in bookkeeping, in her native Ukraine" when, in reality, Belgorodskaya completed "four years at the university and received a diploma and degree for bookkeeping" on top of seven years of grade school.  (Pet. at 3).  The court fails to see how failing to correct this minor discrepancy could constitute deficient performance.

Accordingly, Belgorodskaya fails to satisfy the first prong of an ineffective assistance of counsel claim.  Even if the court assumes deficient performance, her claim still fails because there was no prejudice.

**B. Counsel's performance did not prejudice the defense**

The second prong of an ineffective assistance claim requires the petitioner to show that counsel's performance prejudiced the defense. The petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694; <u>see also</u> <u>Guzman</u>, 2011 WL 6097128 at *5.

Counsel's performance did not prejudice petitioner in any way. Taking her health into account, the court determined that Belgorodskaya's long-term involvement in the scheme—including her attempt to evade discovery by threatening a Claims Conference employee and his child—merited a term of incarceration.  At sentencing, the court made clear that "the factors to be considered under…Section 3553, are principally the degree of culpability and the requirement of meaningful punishment." (Sent. Tr. at 12).  Of course, the court took into account "the age of the defendant and her health issues."  However, the court determined that "there must be a meaningful sanction or punishment here…[a]nd there can be no meaningful penalty without some prison term."  <u>Id</u>.  Nothing presented in Belgorodskaya's petition changes that calculation.

Given that Belgorodskaya fails to satisfy either prong of an ineffective assistance claim, her § 2255 motion is meritless.

**Conclusion**

The petition to vacate, set aside, or correct petitioner's sentence is denied.    Belgorodskaya is directed to surrender at the correctional facility to which she is designated on May 10, 2014.

This opinion resolves the motion located at Doc. No. 28.

SO ORDERED.

Dated:  New York, New York
        May 2, 2014

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/2014

- 8 -